### TERRELL v. SUMMIT PLACE CO.
(No. 200–3269.)

(Commission of Appeals of Texas, Section B. Nov. 30, 1921.)

**Vendor and purchaser ☞37(2)—Purchaser in restricted district put upon notice that frontage represented might include sidewalks and private park; "lot."**

The word "lot" when contained in a deed conveying property in a restricted district wherein there were private parks should put the purchaser upon notice, in the absence of positive or affirmative fraud, that the lot conveyed probably includes sidewalks and private parks, and imposes upon him the resulting duty of further inquiry into the facts, and a statement that a lot contains a certain frontage, although part of such frontage is occupied by sidewalk space and private parking, is not prima facie fraudulent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Lot.]

McClendon, P. J., dissenting.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

On motion for rehearing. Former decision adhered to, and motion denied.

For former opinion, see 232 S. W. 282.

Barrett & Barrett and Terrell & Terrell, all of San Antonio, for plaintiff in error.

McAskill, Simmang & Mauermann, Leonard Brown, and Taliaferro, Cunningham & Birkhead, all of San Antonio, for defendant in error.

POWELL, J. We have given most careful consideration to the motion for rehearing filed herein by plaintiff in error. In fact, upon motion therefor, we permitted oral argument upon the motion for rehearing, since two of the present members of this section of the Commission of Appeals were not members thereof when the former opinion of the Commission was written. The motion presents nothing new, and we are of the opinion that the case has already been correctly decided, and that the motion for rehearing should be overruled.

We do not think anything can be added to what has already been said in the opinions of the Court of Civil Appeals and the Commission of Appeals. However, we shall mention one or two thoughts which have occurred to us.

The record contains no pleading or proof that the defendant in error, or its agents, represented to plaintiff in error that the "lot" in question contains 114 feet frontage on Queensborough court, exclusive of sidewalk and private park. If such a representation by Roos had been pleaded and proved, the judgment of the trial court should and would have been affirmed. But in this case it was only pleaded and proved that Roos said the "lot" contained 114 feet frontage on Queensborough. The natural inquiry is whether or not that representation was false. The answer to the latter query must depend upon what the word "lot" implies. If it included only land that was to be exclusively owned by Terrell, then Roos made a false statement, and the same would be actionable. But, if the word "lot" embraced property over which Terrell was to exercise certain rights in any event, then Roos did not make any false representations and Terrell is not entitled to any damages.

We think the meaning of the word "lot" must depend largely upon the attendant circumstances. Unquestionably in a residence district in an ordinary village or town, or in the average residence district in the larger cities, when the seller of property says he has a lot containing 114 feet frontage, the buyer would be justified in assuming that the lot contains 114 feet to be exclusively used by him. And such a lot would, we think, he ordinarily construed as excluding sidewalks, etc.

But that is far from the situation we have in the case at bar. Here we are dealing with a highly restricted, fashionable residence district in a large city. No one purchasing these lots obtained a real title to one square foot of land. The purchaser could build on only a small portion of his lot; he could construct only a particular kind of house; he was permitted to erect only a given kind of fence or coping; the beautification of the premises and the parking thereof were of vital importance. When a man is offered a deed to a lot in a district of that kind, we do not think it should carry with it any prima facie presumption that the "lot" was meant to include only that portion of the property inside of the sidewalks and private parks and exclusive of the latter. If such a lot carried any presumption, we are inclined to think it would be just the opposite one, and would be presumed to include all property to the curb or street line.

We do not think the word "lot" should be held to carry either presumption to the exclusion of the other. As before stated, the meaning of the word must depend largely up-

on the facts, and in this case it certainly should be held to include sidewalk and private parking within its boundaries. Terrell contends that he thought he was getting a 114-foot frontage for exclusive building purposes. It is interesting to note, however, in this very connection, that he could not, as a matter of fact, erect a building on any portion of his Queensborough court frontage. He was prohibited from building within 50 feet of his Queensborough line. His ownership of the entire frontage was restricted. Territory 98 feet by 50 feet was reserved for park or yard purposes, and nothing could be erected thereon. His ownership of the private park beyond the sidewalk was no more restricted, as we see it, than was his ownership of the 98-feet frontage on Queensborough. We are at a loss to see how exclusive use or unconditional ownership in this restricted district can be made the test of the size of the lot. If so, the lot would have no size at all. As ordinarily understood, Terrell did not obtain a fee-simple title to any of the land in question.

The plaintiff in error further urges the contention that he misunderstood what Roos meant by the term "lot"; that he thought Roos meant to convey realty exclusive of sidewalks and private parks. He cannot be heard to complain because of his own mistakes. There were many avenues of information open to him. The exercise of the slightest diligence on his part would have avoided such a mistake. He could have asked Roos about the matter. He did not do so. Roos' statement was not prima facie or necessarily false. All concede that, if false at all, it is only impliedly so. If Terrell had quizzed him further, he might have laid the predicate for a recovery. Not only could he have inquired more specifically of Roos in this connection, but the deed referred expressly to a plat of the addition, and the slightest observation of that plat would have shown Terrell that the 114 feet included the sidewalk and private park. Although he was familiar, at least to a considerable extent, with the general character of this addition, and the restricted titles affecting property therein, he took no such precaution.

We are of the view that the word "lot," when contained in a deed conveying property in a district like the one in the instant case, should put the purchaser upon notice, in the absence of positive or affirmative fraud, that the lot conveyed probably includes sidewalks and private parks, and imposes upon such purchaser the resulting duty of further inquiry into the facts.

We recommend that the motion for rehearing be overruled.

Presiding Judge McClendon adheres to the views originally expressed by him.

---

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes